IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-55,344-05






EX PARTE MICHAEL MAHAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-09-M012-0-PR-B IN THE 156TH DISTRICT COURT


FROM BEE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
possession of a prohibited item in a correctional facility and one count of possession of a prohibited
substance in a correctional facility. He was sentenced to twenty-five years' imprisonment on each
count. He did not appeal his convictions.

 Applicant contends, among other things, that his guilty plea was rendered involuntary
because he was not protected from hostile witnesses, including prison gangs and prison guards. As
a result, he contends that he could not accept the State's plea offer of four years. Applicant has
alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order Applicant's trial counsel 
to respond to Applicant's claim and to state whether the State made a plea offer of four years and
whether Applicant wanted to accept this offer, assuming there was such an offer, but could not do
so because of threats and intimidation from hostile witnesses. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first determine whether the State made a plea offer of four years. If the
trial court finds that the State made such an offer, it shall then determine why Applicant rejected this
offer and whether his decision was affected by hostile witnesses. Finally, the trial court shall
determine whether Applicant's guilty plea was involuntary. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The plea papers and the reporter's
record of Applicant's guilty plea, if it exists, shall also be returned to this Court within 120 days of
the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: August 24, 2011

Do not publish